**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NEXTCARD, LLC,<br>    *Plaintiff and Counterclaim Defendant*<br><br>vs.<br><br>THE HARRIS BANK, N.A.,<br>    *Defendant* and *Counterclaim Plaintiff*<br><br>-and-<br><br>CHASE BANK USA, N.A., CITIBANK (SOUTH DAKOTA), N.A., CAPITAL ONE BANK (USA), N.A., WELLS FARGO FINANCIAL, INC., and ZIONS FIRST NATIONAL BANK, N.A.,<br>    *Defendants* | Case No. 2:09-cv-394 |

**THE HARRIS BANK, N.A.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant The Harris Bank, N.A., ("Harris"), severing itself from all other defendants, and for itself alone, hereby answers plaintiff Nextcard, LLC's ("Nextcard") Complaint For Patent Infringement (D.I. 01) and counterclaims as follows.

**FIRST AFFIRMATIVE DEFENSE**

**NATURE OF THE ACTION**

1. Harris admits that Nextcard's Complaint alleges infringement of U.S. Patent Nos. 6,405,181, 6,567,791, and 7,143,063 (the '181, '791 and '063 Patents, respectively). Harris denies that it is infringing or has infringed any valid claim of the '181, '791, or '063 Patents. Harris admits that the '181 Patent is entitled "Method and

Apparatus for Real Time On Line Credit Approval." Harris admits that the '791 Patent is entitled "Method and Apparatus for a Verifiable On Line Rejection of an Application for Credit." Harris admits that the '063 Patent is entitled "Method and Apparatus for a Verifiable On Line Rejection of an Applicant for Credit." Harris admits that the '181, '791, and '063 Patents were attached as Exhibits "A" to "C" to Nextcard's Complaint. Harris denies all remaining allegations in paragraph 1.

## THE PARTIES

2. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies the same.

3. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3, and therefore denies the same.

4. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4, and therefore denies the same.

5. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and therefore denies the same.

6. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and therefore denies the same.

7. Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7, and therefore denies the same.

8. Harris denies that it is a corporation organized and existing under the laws of the State of Delaware. Harris denies that its principal place of business is 111 W Monroe St., Chicago, IL 60603-4096. Harris denies that its registered agent is Mark Asbury, or that it may be served through Mr. Asbury. Harris denies that it does business in Texas or the Eastern District of Texas. Harris lacks knowledge or information

sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 8, and therefore denies the same.

## JURISDICTION AND VENUE

9. Harris admits that this action purports to arise under the patent laws of the United States, but denies that any of its products or services infringe or have infringed, whether directly or indirectly, the patents-in-suit. Harris denies all other allegations of paragraph 9.

10. Harris denies that this Court has personal jurisdiction over Harris. Harris has not: (i) committed acts within Texas and this judicial district which give rise to this action; or (ii) established minimum contacts with the forum such that the exercise of jurisdiction over Harris would not offend traditional notions of fair play and substantial justice. To the extent the remaining allegations of paragraph 10 are directed to Harris, Harris denies the same. To the extent the allegations of paragraph 10 are directed to other Defendants, Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies the same.

11. To the extent the allegations of paragraph 11 are directed to Harris, Harris denies that venue is proper in this district as to Harris under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). To the extent the allegations of paragraph 11 are directed to other Defendants, Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies the same.

The Harris Bank, N.A.'s Answer        Page 3        2:09-CV-00394; Nextcard, LLC,
                                                    v. Chase Bank USA, N.A., et al.

sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 8, and therefore denies the same.

## JURISDICTION AND VENUE

9. Harris admits that this action purports to arise under the patent laws of the United States, but denies that any of its products or services infringe or have infringed, whether directly or indirectly, the patents-in-suit. Harris denies all other allegations of paragraph 9.

10. Harris denies that this Court has personal jurisdiction over Harris. Harris has not: (i) committed acts within Texas and this judicial district which give rise to this action; or (ii) established minimum contacts with the forum such that the exercise of jurisdiction over Harris would not offend traditional notions of fair play and substantial justice. To the extent the remaining allegations of paragraph 10 are directed to Harris, Harris denies the same. To the extent the allegations of paragraph 10 are directed to other Defendants, Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies the same.

11. To the extent the allegations of paragraph 11 are directed to Harris, Harris denies that venue is proper in this district as to Harris under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). To the extent the allegations of paragraph 11 are directed to other Defendants, Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies the same.

## THE PATENTS-IN-SUIT

## COUNT I - INFRINGEMENT OF U.S. PATENT 6,405,181

The "Tag Line" of "Count I" fails to set forth an allegation of fact to which an answer is required. Harris denies that any of its products, servers, action or conduct infringes U.S. Patent 6,405,181.

12. Harris incorporates by reference as if fully set forth herein its answers to paragraphs 1-11. As to all other allegations contained in paragraph 12 Harris lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

13. Harris admits that the issue date listed on the face of the '181 Patent is June 11, 2002. Harris lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 13, and therefore denies the same.

14. To the extent the allegations of paragraph 14 are directed to Harris, Harris denies the same. To the extent the allegations of paragraph 14 are directed to other Defendants, Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies the same.

15. To the extent the allegations of paragraph 15 are directed to Harris, Harris denies the same. To the extent the allegations of paragraph 15 are directed to other Defendants, Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies the same.

16. To the extent the allegations of paragraph 16 are directed to Harris, Harris denies the same. To the extent the allegations of paragraph 16 are directed to other Defendants, Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and therefore denies the same.

## COUNT II – INFRINGEMENT OF U.S. PATENT 6,567,791

The "Label" of "Count II" fails to set forth an allegation of fact to which an answer is required. Harris denies that any of its products, servers, action or conduct infringes U.S. Patent 6,567,791.

17. Harris incorporates by reference as if fully set forth herein its answers to paragraphs 1-16.

18. Harris admits that the issue date listed on the face of the '791 Patent is May 20, 2003. Harris lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 18, and therefore denies the same.

19. To the extent the allegations of paragraph 19 are directed to Harris, Harris denies the same. To the extent the allegations of paragraph 19 are directed to other Defendants, Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and therefore denies the same.

20. To the extent the allegations of paragraph 20 are directed to Harris, Harris denies the same. To the extent the allegations of paragraph 20 are directed to other Defendants, Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and therefore denies the same.

21. To the extent the allegations of paragraph 21 are directed to Harris, Harris denies the same. To the extent the allegations of paragraph 21 are directed to other Defendants, Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies the same.

## COUNT III – INFRINGEMENT OF U.S. PATENT 7,143,063

The "Label" of "Count III" fails to set forth an allegation of fact to which an answer is required. Harris denies that any of its products, servers, action or conduct infringes U.S. Patent 7,143,063.

22.   Harris incorporates by reference as if fully set forth herein its answers to paragraphs 1-21.

23.   Harris admits that the issue date listed on the face of the '063 Patent is November 28, 2006. Harris lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 23, and therefore denies the same.

24.   To the extent the allegations of paragraph 24 are directed to Harris, Harris denies the same. To the extent the allegations of paragraph 24 are directed to other Defendants, Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and therefore denies the same.

25.   To the extent the allegations of paragraph 25 are directed to Harris, Harris denies the same. To the extent the allegations of paragraph 25 are directed to other Defendants, Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, and therefore denies the same.

26.   To the extent the allegations of paragraph 26 are directed to Harris, Harris denies the same. To the extent the allegations of paragraph 26 are directed to other Defendants, Harris lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, and therefore denies the same.

## JURY DEMAND

27. Paragraph 27 fails to set forth an allegation of fact to which an answer is required. Harris also demands a trial by jury on all issues.

## NEXTCARD'S PRAYER FOR RELIEF

28. Harris denies that Nextcard is entitled to any relief sought in its prayer for relief, or any other relief, from Harris.

## ADDITIONAL AFFIRMATIVE DEFENSES

29. In addition to the First Affirmative Defense set forth above in responding to the allegations set forth in Nextcard's Complaint, Harris alleges and asserts the following additional affirmative defenses in response to the allegations of the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described herein, Harris specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## SECOND AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

30. Nextcard's complaint fails to state a claim on which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT)

31. Harris does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any one of the asserted claims in any one of the '181, '791, or '063 Patents.

## FOURTH AFFIRMATIVE DEFENSE
### (NON-INFRINGEMENT)

32. By reason of the proceedings in the United States Patent and Trademark Office during the prosecution of the application which result in the '181, '791, and '063 Patents, and by reason of the admissions and representations therein made by or on behalf of the applicant for the '181, '791, and '063 Patents, Nextcard is estopped from construing the claims of the '181, '791, and '063 Patents, even if this were otherwise possible, to cover and include any product, service, action or conduct of Harris.

## FIFTH AFFIRMATIVE DEFENSE
### (NONINFRINGEMENT)

33. Harris's products, services, actions and conduct are so different in principle from the subject matter claimed by the '181, '791 and '063 Patents, and are so different in function, operation, way and result from the subject matter claimed by the '181, '791 and '063 Patents, that NEC's products, services, actions and conduct function in a substantially different way to achieve a substantially different result from that claimed by the '181, '791 and '063 Patents.

## SIXTH AFFIRMATIVE DEFENSE
### (INVALIDITY)

34. Each and every asserted claim of the '181, '791, or '063 Patents is invalid, void, and/or unenforceable for failure to meet the requirements of Title 35, United States Code, including, but not limited to, Sections 101, 102, 103, and 112 thereof.

## SEVENTH AFFIRMATIVE DEFENSE
### (EQUITABLE ESTOPPEL/WAIVER)

35. Nextcard's claims against Harris regarding the '181, '791, or '063 Patents are barred by equitable estoppel, waiver and unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
## (LIMITATION OF DAMAGES/LACHES)

36.     Nextcard's claims for relief and prayer for damages are limited by 35 U.S.C. § 286, U.S.C. § 287, and/or by laches.

## NINTH AFFIRMATIVE DEFENSE
## (INJUNCTIVE RELIEF)

37.     Nextcard is not entitled to injunctive relief because any injury to Nextcard is not immediate or irreparable, and Nextcard has an adequate remedy at law.

## COUNTERCLAIMS

38.     For its counterclaims, Defendant-Counterclaimant Harris alleges as follows:

39.     Harris is a National Association, chartered by the Office of the Comptroller of the Currency, with a principal place of business at 6720 N. Scottsdale Road, Scottsdale, AZ, 85253.

40.     In its Complaint, Nextcard avers that it is a limited liability company organized under the laws of the State of Texas, with its principal place of business at 104 E. Houston, Suite 145, Marshall, Texas 75670.

41.     In its Complaint, Nextcard avers that it is the assignee of all right, title and interest in the '181, '791, and '063 Patents.

42.     In its Complaint, Nextcard avers that Harris infringes the '181, '791, and '063 Patents.

43.     If the Court has subject matter jurisdiction over the underlying patent infringement action, subject matter jurisdiction also exists for Harris's counterclaims for declaratory judgment under 28 U.S.C. § 1338(a), brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 28 U.S.C. § 2202.

44. Nextcard has submitted to personal jurisdiction in this Court through the filing of its Complaint against Harris and others.

45. Venue is proper under 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(b).

46. Based on the Complaint that Nextcard filed against Harris, a justiciable and actual controversy now exists between Harris and counterclaim-defendant Nextcard concerning the alleged infringement, validity, and enforceability of the '181, '791, or '063 Patents.

**FIRST COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,405,181)**

47. Harris realleges and incorporates herein by reference the allegations in paragraphs 1-50 above.

48. Harris does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any of the asserted claims of the '181 Patent.

**SECOND COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,567,791)**

49. Harris realleges and incorporates herein by reference the allegations in paragraphs 1-52 above.

50. The asserted claims of the '181 Patent are void and invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Section 101, 102, 103, and 112 and the rules, regulations and laws pertaining thereto.

### THIRD COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 6,567,791)

51. Harris realleges and incorporates herein by reference the allegations in paragraphs 1-54 above.

52. Harris does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any of the asserted claims of the '791 Patent.

### FOURTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 6,567,791)

53. Harris realleges and incorporates herein by reference the allegations in paragraphs 1-56 above.

54. The asserted claims of the '791 Patent are void and invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Section 101, 102, 103, and 112 and the rules, regulations and laws pertaining thereto.

### FIFTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,143,063)

55. Harris realleges and incorporates herein by reference the allegations in paragraphs 1-58 above.

56. Harris does not infringe, has not infringed, and does not and has not induced infringement or contributed to infringement of any of the asserted claims of the '063 Patent.

# SIXTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,143,063)

57. Harris realleges and incorporates herein by reference the allegations in paragraphs 1-60 above.

58. The asserted claims of the '063 Patent are void and invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to Section 101, 102, 103, and 112 and the rules, regulations and laws pertaining thereto.

## PRAYER FOR RELIEF

Wherefore, Harris prays that this Court enter judgment:

(a) Dismissing Nextcard's Complaint with prejudice;

(b) Declaring the '181, '791, or '063 Patents invalid, void, and unenforceable;

(c) Declaring that Harris has not infringed the '181, '791, or '063 Patents;

(d) Declaring this an exceptional case under 35 U.S.C. § 285;

(e) Awarding Harris its costs in this action and its reasonable attorney fees; and

(f) Granting Harris such further necessary and proper relief as this Court may deem just and proper.

## JURY DEMAND

Harris requests a jury trial of any issues triable of right by a jury.

Dated: July 19, 2010

Respectfully submitted,

**POTTER MINTON**
**A Professional Corporation**

By: */s/ Douglas R. McSwane, Jr.*
    Douglas R. McSwane, Jr.
    Texas State Bar No. 13861300
    dougmcswane@potterminton.com
    500 Plaza Tower
    110 N. College Ave. (75702)
    P.O. Box 359
    Tyler, Texas 75710
    Telephone: 903-597-8311
    Facsimile: 903-593-0846

    Robert M. Masters
    robmasters@paulhastings.com
    Timothy P. Cremen
    timothycremen@paulhastings.com
    PAUL, HASTINGS, JANOFSKY & WALKER LLP
    875 15th Street, N.W.,
    Washington, D.C. 20005
    Telephone: 202-551-1700
    Facsimile: 202-551-0238

*Attorneys for Defendant and Counterclaim Plaintiff The Harris Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 19th day of July, 2010. Any other counsel of record will be served by first class U.S. mail on this same date.

                                                   */s/ Douglas R. McSwane, Jr.*
                                                   Douglas R. McSwane, Jr.