IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **NEXTCARD, LLC,**<br>      **Plaintiff,**<br><br>**v.**<br><br>**CHASE BANK USA, N.A., CITIBANK (SOUTH DAKOTA), N.A., CAPITAL ONE BANK (USA), N.A., WELLS FARGO FINANCIAL, INC., ZIONS FIRST NATIONAL BANK, N.A., THE HARRIS BANK, N.A.**<br><br>      **Defendants.** | **CIVIL ACTION NO.   2:09-cv-394**<br><br>**JURY TRIAL DEMANDED** |

**DOCKET CONTROL ORDER**

In accordance with the case status conference held herein on the 30th day of August, 2010, it is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this court:

| | |
|---|---|
| **June 4, 2012** | Jury Selection – 9:00 a.m. in **Marshall, Texas** |
| **May   24,   2012** | **P**retrial Conference - 9:30 a.m. in **Marshall, Texas** |
| **May   21,   2012** | **J**oint Pretrial Order, Joint Proposed Jury Instructions and Form of the Verdict. |
| **May 21, 2012** | Reply to Response to Dispositive Motions (including *Daubert* motions)<br><br>**Replies to dispositive motions filed prior to the dispositive motion deadlines, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(f). Motions for Summary Judgment shall comply with Local Rule CV56.** |
| **May 16, 2012** | **Motions in *Limine* Due** |

|  |  |
|---|---|
|  | The parties are ordered to **meet and confer** on their respective motions *in limine* and **advise the court of any agreements in this regards by 1:00 p.m. three business day before** the pretrial conference. The parties shall limit their motions *in limine* to those issues which, if improperly introduced into the trial of the case would be so prejudicial that the court could not alleviate the prejudice with appropriate instruction(s). |
| **May 15, 2012** | Response to Dispositive Motions (including *Daubert* motions)[1]  **Responses to dispositive motions filed prior to the dispositive motion deadlines, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e). Motions for Summary Judgment shall comply with Local Rule CV56.** |
| **May 15, 2012** | **Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings**. If a daily transcript of real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Susan Simmons, at lssimmons@yahoo.com. |
| **May 11, 2012** | Parties to Identify Objections to Rebuttal Deposition Testimony |
| **May 4, 2012** | Parties to Identify Objections to Trial Witnesses, Trial Exhibits and Deposition Designations. Parties to Identify Rebuttal Deposition Designations.  Each party who proposes to offer rebuttal deposition testimony shall file a disclosure identifying the line and page numbers to be offered. |

---

[1] The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **12 days, in additional to any added time permitted under Fed. R. Civ. P. 6 (e)**, in which to serve and file a response and any supporting documents, after which the court will consider the submitted motion for decision.

| | |
|---|---|
| **May 1, 2012** | Deadline for filing Dispositive Motion and any other motions that may require a hearing (including *Daubert* Motions) |
| **April 27, 2012** | Parties to Identify Trial Witnesses, Trial Exhibit List and Deposition Designation. |
| | Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. |
| **April 20, 2012** | Discovery Deadline |
| **March 28, 2012** | Designate Rebuttal Expert Witnesses other than claims construction.<br>Expert witness report due<br>Refer to Discovery Order for required information. |
| **March 9, 2012** | Comply with P.R. 3-7. |
| **March 7, 2012** | Party with the burden of proof to designate Expert Witnesses other than claims construction<br>Expert witness report due<br>Refer to Discovery Order for required information. |
| **February 22, 2012** | Claim constructions hearing 9:00 a.m., **Marshall, Texas**. |
| **February 7, 2012** | **P.R. 4-5(d) Chart due.** |
| **February 1, 2012** | Comply with P.R. 4-5(c) |
| **January 12, 2012** | Comply with P.R. 4-5(b). |
| **December 12, 2011** | Comply with P.R. 4-5(a). |
| **November 4, 2011** | Discovery deadline-claims construction issues |
| **October 25, 2011** | Mediation to be completed |
| **September 19, 2011** | Comply with P.R. 4-3. |
| **July 18, 2011** | Comply with P.R. 4-2. |
| **May 16, 2011** | Respond to Amended Pleadings |
| **April 15, 2011** | Amend Pleadings |

                                   **(It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings except to the extent the amendment seeks to add a new patent in suit. It is necessary to file a Motion for Leave to Amend after the amended pleadings date set forth herein.)**

**February 28, 2011**        **Exchange of Privilege Logs**
(or a letter to the Court stating that there are no disputes as to claims of privileged documents).

**January 12, 2011**        Comply with P.R. 4-1.

**December 10, 2010**        **Production of documents** (to the extent required pursuant to Paragraph 3 of the Discovery Order) **and computation of damages due.**

                                     Join Additional Parties

**December 3, 2010**        **Comply with P.R. 3-3 and 3-4-** Invalidity Contentions due.  Thereafter, it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6.

**November 8, 2010**        **Initial Disclosures Due.**

**October 4, 2010**        **Comply with P.R. 3-1 and P.R. 3-2 -** Disclosure of Asserted Claims and Infringement Contentions due.  Thereafter, it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6.

<u>LIMITATIONS ON MOTIONS PRACTICE</u>

      **<u>Summary Judgment Motions:</u>**  Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion.  The opening brief in each of those matters shall be no longer than five (5) ages and shall be filed with the Court no later than sixty (60) days before the deadline for filing summary judgment motions.  Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter.  Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter.  The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.

      **<u>Motions to Strike Expert Testimony/Daubert Motions:</u>**  Prior to filing any Motions to Strike or Daubert Motions, the parties must submit letter briefs seeking

permission to file the motion. The opening letter brief in each of those matters shall be no longer than three (3) pages and shall be filed with the Court no later than sixty (60) days before the deadline for filing Motions to Strike or Daubert Motions.  Answering letter briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than fourteen (14) days thereafter.  Reply briefs in each of those matters shall be no longer than two (2) pages and filed with the Court no later than five (5) days thereafter.  The Court may hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted.

      For all of the above mentioned motions, the letter briefs shall be filed without exhibits.  Any request to submit letter briefs after the deadlines outlined above must show good cause.

## OTHER LIMITATIONS

1. All depositions to be read into evidence as part of the parties' case-in-chief shall be **EDITED** so as to exclude all unnecessary, repetitious, and irrelevant testimony; **ONLY** those portions which are relevant to the issues in controversy shall be read into evidence.

2. The Court will refuse to entertain any motion to compel discovery filed after the date of this Order unless the movant advises the Court within the body of the motion that counsel for the parties have first conferred in a good faith attempt to resolve the matter.  See Eastern District of Texas Local Rule CV-7(h).

3. The following excuses will not warrant a continuance nor justify a failure to comply with discovery deadlines:

    (a) The fact that there are motions for summary judgment or motions to dismiss pending;

    (b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

    (c) The failure to compel discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort do so.

**IT IS SO ORDERED**

SIGNED this 20th day of September, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE