**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **NEXTCARD, LLC,**<br>Plaintiff,<br><br>v.<br><br>**CHASE BANK USA, N.A., CITIBANK (SOUTH DAKOTA), N.A., CAPITAL ONE BANK (USA), N.A., WELLS FARGO FINANCIAL, INC., ZIONS FIRST NATIONAL BANK, N.A., THE HARRIS BANK, N.A.**<br><br>Defendants. | §§§§§§§§§§§§§§§ | **CIVIL ACTION NO.   2:09-cv-394**<br><br><br>**JURY TRIAL DEMANDED** |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Initial Disclosures**. To the extent not already disclosed, by the date set forth in the Court's Docket Control Order, each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f) any settlement agreements relevant to the subject matter of this action;

2. **Additional Disclosures**. Each party, without awaiting a discovery request shall provide, to the extent not already provided, to every other party the following;

    (a) By the dates set forth in the Court's Docket Control Order, the disclosures required by the Patent Rules for the Eastern District of Texas;

    (b) Subject to the other dates set forth in the Docket Control Order, and by the dates set forth in the Court's Docket Control Order, a copy of all documents, data compilations, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in the action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas. By written agreement of all parties, alternative forms of disclosures of documents may be provided in lieu of paper copies. For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

(c) by the dates set forth in the Court's docket control order, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extend of injuries suffered.

3. **Protective Orders**. The parties will submit an Agreed Protective Order containing all provisions on which the parties agree. If there are provisions for which the parties cannot agree, the alternative provisions will be submitted to the Court for resolution.

4. **Discovery Limitations**. The discovery in this case is limited to the disclosures described in Paragraphs 1 and 2 together with:

   a. **Interrogatories**

      i. Plaintiff may serve up to 25 common and 10 individual interrogatories on all defendants, except Zions First National Bank ("Zions").

      ii. Plaintiff may serve up to 30 total interrogatories on Zions, with no more than 10 interrogatories served individually upon Zions.

      iii. Zions may serve up to 30 total interrogatories on Plaintiff, with no more than 10 interrogatories served individually upon Plaintiff.

      iv. Defendants, except Zions, may serve up to 25 common, and 10 individual interrogatories on Plaintiff.

      To avoid any doubt, at the time of serving the interrogatories, Plaintiff shall identify which of the common interrogatories are being served on Zions and Defendants shall identify which of the common interrogatories served on Plaintiff include or exclude Zions.

    b.    40 requests for admissions per side[1] (in addition to unlimited requests for admission used to establish authenticity of documents);

    c.    50 hours of Rule 30 depositions per side, with no such deposition to exceed seven (7) hours in duration; and

    d.    Unlimited depositions on written questions of custodians of business records for third parties, unlimited third party document subpoenas, up to 80 hours of non-expert third party depositions per side; and in addition up to 7 hours of deposition with each inventor.

Any party may move to modify these limitations for good cause.

**5. Testifying Experts.** The parties agree that Plaintiff shall be limited to no more than three testifying expert witnesses. Defendants shall be limited to two shared experts plus two additional experts for each individual Defendant. The parties agree that the parties shall be entitled to up to seven (7) hours of deposition testimony from an expert per expert report that expert has submitted. In the event any expert report is prepared on behalf of or in relation to multiple Defendants, the parties may take up to five common hours of deposition testimony plus two additional hours of deposition testimony for each Defendant as to which the expert report relates. For any testifying expert, by the date set by the court in the Docket Control Order, each party shall disclose to the other party or parties:

  a. the expert's name, address and telephone number;

  b. the subject matter on which the expert will testify;

---

[1] "Side" means a party or a group of parties with a common interest.

   c. if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involved giving expert testimony:

   (a) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

   (b) the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

   d. for all other testifying experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information.

6. **Privileged Information**.  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claims of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  The parties agree that they need not exchange privilege logs identifying communications exchanged between litigation counsel and its respective client or any person who is an employee of the its respective client, so long as there are no other parties to the communication.  Except as may be necessary to comply with P.R. 3-7, the parties agree that privileged and/or work product documents created after the filing of this action are not required to be entered on any privilege log.  Any party may move the court for an order compelling the production of

      any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted in camera inspection

7. **Pre-trial disclosures**. Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

(a) The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

(b) The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

(c) An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

Unless otherwise directed by the court, these disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B), and (2) any objections, together with the grounds therefore, that may be made to the admissibility of materials identified under subparagraph (c). Objections not so disclosed, other than objections

under rule 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

8. **Signature.** The disclosures require by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

9. **Duty to Supplement**. After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

10. **Disputes.**

    (a) Except in cases involving claims of privilege or work product immunity, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within 14 days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (a) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be

       disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

    (b) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

**11.** **Requests for Production.** Because documents relevant to any claim or defense are to be produced pursuant to paragraphs one and two of this Order, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

**12.** **No Excuses**. A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

**13.** **Filings.** Any filings in excess of 20 pages, counsel is directed to provide a courtesy copy to Chambers, simultaneously with the date of filing.

**14.** **Expert Discovery**. Notwithstanding Paragraph 5 above, a testifying expert's draft reports, notes, outlines, and any other writings leading up to his or her final report(s) in this case are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to his or

her work on this case, are exempt from discovery unless relied upon by the expert in formulating his or her opinions.  The expert must produce his or her final report and all materials on which he or she relied, or identify such materials if already produced during discovery.

15. **Electronic Service.**  The parties may serve documents, pleadings, disclosures, correspondence and other things electronically in lieu of service by U.S. Mail.  If the documents, pleading, correspondence or other item is too large to be served electronically, then a cover letter or other similar notification shall be served electronically and the document, pleading, correspondence or other item shall be served by Federal Express or other similar overnight courier for next day delivery.

SIGNED this 20th day of September, 2010.

_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE